# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| MOISES BARRAGAN, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| NORTHTOWN CAPITAL SERVICES GROUP, LLC, | |
| Defendant. | |

Plaintiff, MOISES BARRAGAN ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of NORTHTOWN CAPITAL SERVICES GROUP, LLC (hereinafter, "Defendant") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION & VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue is proper in the United States District Court for the Eastern District of Texas because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Port Arthur, Jefferson County, State of Texas.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. At all relevant times herein, Defendant was a company engaged, by use of the mails, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendant is a New York-organized limited liability company located in the Town of Cheektowaga, Erie County, State of New York.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding consumer account balances.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS

13. Within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt.

14. In August 2022, in its attempts to collect the debt allegedly owed by Plaintiff, Defendant sent Plaintiff a collection letter dated August 2, 2022 via U.S. Mail (hereinafter, "Collection Letter"). (A true-and-correct copy of which is attached hereto as Exhibit A).

15. The Collection Letter, *inter alia*, states:

   **How can you dispute the debt?**

   - **Call or write to us by September 1, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
   - **If you write to us by September 1 2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form.

     You may also include supporting documents. We accept disputes electronically at Support@northtowncapitalsg.com

   **What else you can do?**

   - **Write to ask the name and address of the original creditor, if different from the current creditor.** If you write to us by September 1, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form.

     You may also include supporting documents. We accept such requests electronically at Support@northtowncapitalsg.com

16. The Collection Letter employs false, deceptive, or misleading representations, including the foregoing statements because the FDCPA affords Plaintiff "thirty days **after receipt** of the [Collection Letter]" to dispute the validity of the debt and request the name and address

of the original creditor.  FDCPA, 15 U.S.C. § 1692g(a)(3)-(5) (emphasis added).

17. The Collection Letter sets a date certain of September 1, 2022 in the three bulleted paragraphs above.

18. Plaintiff received the Collection Letter several days after the date of the Collection Letter, August 2, 2022, which makes the September 1, 2022 deadline date in the Collection Letter less than the thirty days that must be afforded to Plaintiff pursuant to 15 U.S.C. § 1692g(a)(3)-(5).

19. The September 1, 2022 deadline in the Collection Letter overshadows or is inconsistent with Plaintiff's dispute, validation, and other rights.  FDCPA, 15 U.S.C. § 1692g(b).

20. Under the FDCPA, the validation of debts notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

21. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

22. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

23. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and mental distress.

24. Defendant's actions further constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim individually and on behalf of a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) (the "Class").

26. Plaintiff seeks to represent the Class defined as:

    All consumers in the United States of America who were sent a letter that is identical to or is substantially the same form as the Collection Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable..

27. On information and belief, the class is so numerous that joinder of all members is not practicable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate the specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds, if not thousands, of persons.

    a. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether Defendant's Collection Letter employs false, deceptive, or misleading representations pursuant to the FDCPA; and (b) whether Defendant's Collection Letter overshadows and is inconsistent with the disclosure of Plaintiff's right to dispute the alleged debt or request the name and address of the original creditor pursuant to the FDCPA.

28. Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

29. Plaintiff has no interest adverse or antagonistic to the interest of the members of the Class.

30. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

31. A class action is superior for the fair and efficient adjudication of this matter, in that:
    a. Individual actions are not economically feasible;
    b. Members of the Class are likely to be unaware of their rights; and
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

32. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

33. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(By Plaintiff and the Class Against Defendant)

34. Plaintiff hereby incorporates the preceding paragraphs 1-33 as if set forth in full herein.

35. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:
    a. Using any false, deceptive, or misleading representation or means in connection

  with the collection of any debt, in violation of § 1692e of the FDCPA;

  b. Using any false representation or deceptive means to collect or attempt to collect any debt, in violation of § 1692e(10) of the FDCPA; and

  c. By engaging in collection activities that overshadowed or were inconsistent with the disclosure of the consumer's right to dispute the alleged debt, in violation of § 1692g(b) of the FDCPA.

36. Plaintiff alleges that to the extent that Defendant's actions, detailed above, violated the FDCPA, those actions were done knowingly and willfully.

37. As a direct and proximate result of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, Plaintiff and the members of the Class have suffered injury, and may each recover from Defendant one-thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

38. The violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant, NORTHTOWN CAPITAL SERVICES GROUP, LLC:

  A. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

B. For statutory damages of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;

C. For reasonable attorneys' fees and costs of suit, pursuant to 15 U.S.C. § 1692k; and

D. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: July 11, 2023

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 628100
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
mike.agruss@844seemike.com
Attorneys for Plaintiff

# **EXHIBIT A**

Northtown Capital Services Group LLC
305 Cayuga Rd.
Suite 180
Cheektowaga, NY 14225
(833) 807-6662
www.northtowncapitalservicesgroup.com

To: MOISES BARRAGAN
2146 WIGNALL AVE
PORT ARTHUR, TX 77642

**Reference: 244206**

Date: 08/02/2022

**Northtown Capital Services Group LLC is a debt collector.** We are trying to collect a debt that you owe to Purpose Financial. We will use any information you give us to help collect the debt.

## Our information shows:

You had an account with Purpose Financial with account number 5277856.

| | |
|---|---|
| As of 9/2/2019, you owed: | $1,676.79 |
| Between September 2, 2019, and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount Toward the debt: | - $0.00 |
| **Total amount of the debt now:** | **$1,676.79** |

**Notice:** We accept payments via our website at www.northtowncapitalservicesgroup.com

**Notice:** See page 2 for important information.

## How can you dispute the debt?

- **Call or write to us by September 1, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by September 1, 2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at Support@northtowncapitalsg.com

## What else you can do?

- **Write to ask the name and address of the original creditor, if different from the current creditor.** If you write by September 1, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at Support@northtowncapitalsg.com

- Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

- Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

---

**Mail this form to:**
Northtown Capital Services Group LLC
305 Cayuga Rd.
Suite 180
Cheektowaga, NY 14225

Moises Barragan
2146 WIGNALL AVE
Port Arthur, TX 77642

### How do you want to respond?

Check all that apply
I want to dispute the debt because I think:
- ○ This is not my debt.
- ○ The amount is wrong.
- ○ Other (Please describe on reverse or attach additional information)
- ○ I want you to send me the name and addr the original creditor.
- ○ I enclosed this amount:  $

Make your check payable to Northtown Capital Service
Include the reference number 244206.

- ○ I will make a payment via the websit
- ○ Quiero este formulario en español